Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

No. 04-08-00793-CR

Gabriel G. **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-6318
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   October 14, 2009

DISMISSED FOR LACK OF JURISDICTION

A grand jury indicted defendant Gabriel G. Sanchez for aggravated robbery, and the case went to trial before a jury. After deliberations, the jury reported it was hopelessly deadlocked, and the trial judge subsequently declared a mistrial. Instead of retrying the case, however, defendant accepted an offer from the State of ten years' deferred adjudication and community supervision in exchange for his plea of "Guilty." The State later filed a motion to revoke his community

supervision, alleging five violations of defendant's conditions of community supervision. The trial court held a hearing on the motion at which defendant pled "True" to three of the five alleged violations. After resetting the matter for disposition, the trial court found that defendant violated the terms of his community supervision and sentenced defendant to forty years' confinement. On appeal, defendant argues he was denied effective assistance of counsel. We dismiss the appeal for lack of jurisdiction.

## DISCUSSION

In his first issue on appeal, defendant argues he was "denied the effective assistance of counsel when trial counsel failed to advise him of his limited right to appeal from the negotiated plea agreement . . . ." Specifically, defendant asserts trial counsel did not advise him of the proper steps to appeal his adjudication, including both the "allotted time" in which to file an appeal and the "necessity of giving notice . . . ." In his second issue on appeal, defendant argues he was "denied the effective assistance of counsel when trial counsel failed to investigate credible information of the identity and whereabouts of the person who was actually involved in the aggravated robbery . . . ." Defendant asserts he and his father "repeatedly and adamantly" informed trial counsel "[t]hroughout the trial" that they had good information that an uncharged person, Joe Luna, admitted he had taken part in the robbery and that Luna stated on more than one occasion defendant had been mistakenly attributed with Luna's actions.

A notice of appeal that complies with the requirements of the Texas Rules of Appellate Procedure is essential to vest the court of appeals with jurisdiction. *Slanton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no

action other than to dismiss the appeal. *Id.* Thus, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Here, defendant's first complaint concerns advice he received from trial counsel with respect to accepting a plea bargain and entering a plea of "Guilty." His second complaint concerns trial counsel's strategy during the trial and subsequent plea negotiations. In other words, both of defendant's complaints arise from the original plea proceedings, not from the revocation of his community supervision. Therefore, defendant was required to file any notice of appeal within thirty days after being placed on community supervision. *See* TEX. R. APP. P. 26.2(a)(1). As defendant readily admits in his brief, however, the "time [for him] in which to file came and went . . . ." Because defendant did not timely appeal the trial court's order placing him on deferred adjudication community supervision, he may not raise issues in this appeal regarding ineffective assistance of counsel during the original proceedings. *See Manuel*, 994 S.W.2d at 661-62. Moreover, because the only issues raised by defendant relate entirely to the original cause and not the revocation proceedings, we dismiss his appeal for want of jurisdiction.[1]

---

[1] Defendant's ineffective assistance claims are better raised through an application for a writ of habeas corpus. *See Ex parte Freeman*, No. WR-71814-01, 2009 WL 1164978, at *1 (Tex. Crim. App. 2009).

## CONCLUSION

We overrule defendant's issues on appeal and dismiss the appeal for lack of jurisdiction.


Sandee Bryan Marion, Justice

Do Not Publish